{¶ 26} I respectfully dissent. The defendant's hand written multi-page letter with case citations could not be any clearer: the defendant clearly, intentionally, willingly, knowingly and voluntarily waived his right to counsel. The letter did not just express dissatisfaction with the attorney that was appointed for him, but went on at length regarding the constitutional basis for allowing one to represent themselves. The fact that the defendant did not receive the attorney he wanted is not of consequence. We have often said that one is entitled to representation, but there is no guarantee of a perfect trial. See State v. Tiger,148 Ohio App.3d 61, 2002-Ohio-320, at ¶ 36, citing State v. Lott
(1990), 51 Ohio St.3d 160, 166; State v. Wilson (Nov. 18, 1998), 9th Dist. No. 18788, at 12; State v. Wilson (Oct. 12, 1994), 9th Dist. No. 92CA005396, at 84.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Whitmore, J. Concurs.