JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Daniel Williams ("Williams"), appeals from his conviction in the Cuyahoga County Court of Common Pleas for forgery in violation of R.C. 2913.31. For the reasons stated below, we affirm.
 {¶ 2} Williams was indicted on November 14, 2003, on six counts of forgery relating to various checks. Williams entered a plea of not guilty, and the matter proceeded to a bench trial.
 {¶ 3} At trial, evidence was presented that Williams contacted ADP Corporation ("ADP") to provide payroll checks for his company. Williams met with a district sales manager for ADP and filled out paperwork in connection with the payroll order. Williams, who represented himself as "Daniel Blassey," provided names for his business partners, a list of employees to be paid, his accountant's name, his bank name and account number, and other information. He signed the sales order using the name Daniel Blassey. Williams also indicated the amount to be paid to each employee and made it clear that he did not want his business name on the checks. When the sales manager for ADP attempted to verify the information, she discovered much of the information was flawed, such as the bank account listed was for another company, the accountant's phone number was disconnected, and the employee addresses were false. ADP notified the authorities and was instructed to produce the checks and arrange a pickup.
 {¶ 4} ADP created a payroll packet for Williams, which included six payroll checks made payable to the individuals requested by Williams. On October 16, 2003, David Pinto ("Pinto") was working as the facility manager at ADP and was instructed to deliver the payroll packet to a "Daniel Blassey" and to notify the officer on duty when he arrived. When the individual arrived to pick up the packet, Pinto handed him the packet and notified the police officer on duty, Officer Gregory Tinnirello.
 {¶ 5} Officer Tinnirello detained the individual in the parking lot until backup arrived and the individual was arrested. The individual was identified in court as Williams. Williams also provided a police statement indicating he had lost his job, had no money coming in, made a mistake, and acted alone.
 {¶ 6} At the conclusion of the state's case, Williams made a Criminal Rule 29 motion for acquittal that was denied by the trial court. The court granted the state's motion to amend the indictment to delete the named victim, ADP. Thereafter, the court found Williams guilty of all six counts of forgery.
 {¶ 7} Williams has brought this appeal, raising two assignments of error which provide:
 {¶ 8} 1. "The evidence is insufficient to sustain convictions of Forgery pursuant to R.C. 2913.31."
 {¶ 9} 2. "The conviction[s] are violative of the Due Process requirements of the Ohio and Federal Constitutions as the appellant was convicted on [an] allegation different from those facts that formed the basis of the grand jury's charging."
 {¶ 10} Williams essentially argues that he could not be convicted of forgery without a victim. He claims ADP was aware the information he supplied was false and the indictment was amended to delete any reference to a victim. Williams also claims that by convicting him of forgery with no particular victim, he was convicted upon facts different from those before the grand jury. These arguments are not well taken.
The forgery statute, R.C. 2913.31, provides in relevant part: "(A) Noperson, with purpose to defraud, or knowing that the person isfacilitating a fraud, shall do any of the following: * * *
 (2) Forge any writing so that it purports to be genuine when itactually is spurious * * *;"
(Emphasis added.)
 {¶ 11} R.C. 2913.01(G) defines "forge" as "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing is not authenticated by that conduct."
 {¶ 12} Williams would have us read the forgery statute to require a person to actually defraud a victim, which is something the statute does not require. Rather, forgery requires a person to forge a writing with "purpose to defraud."
 {¶ 13} R.C. 2901.22(A) defines "purpose" as a "specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2913.01(B) defines "defraud" as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another."
 {¶ 14} To establish forgery, the state was required only to show Williams acted with a purpose or specific intention to defraud, not that he actually defrauded a victim. As stated in State v. Tiger,148 Ohio App.3d 61, 66, 2002-Ohio-320:
"The state was required to show that Appellant had a purpose, anintention, to defraud, i.e. to benefit himself. R.C. 2913.31(A). Thestate was not required, as Appellant has contended, to prove that heactually received a benefit or that the bank actually suffered adetriment. See HW Door Co. v. Stemple, 1994 Ohio App. LEXIS 1408, at*4-5 (Mar. 31, 1994), Portage App. No. 93-P-0031, unreported (concludingthat the fact that appellant stood to benefit evidenced his purpose todefraud as defined by R.C. 2913.01); State v. Lee, 1983 Ohio App. LEXIS 11686, at *6 (Nov. 23, 1983), Washington App. No. 82X16, unreported (clarifying that in order for a person to have purpose to defraud under R.C. 2913.01, `one must merely knowingly intend to obtain some benefit or cause some detriment to another by way of deception')."
 {¶ 15} Likewise, in State v. Bergsmark, Lucas App. No. L-03-1137,2004-Ohio-5753, the court stated:
"Purpose or intent can be established by circumstantial evidence fromthe surrounding facts and circumstances. [State v. Tiger,148 Ohio App.3d at 66]. The main question is whether [the defendant]had a purpose or intention to benefit himself not whether he actuallyreceived a benefit or caused someone to suffer a detriment. To havepurpose to defraud, `one must merely knowingly intend to obtain somebenefit or cause some detriment to another by way of deception.' Statev. Lee (Nov. 23, 1983), 4th Dist. No. 82 X 16, 1983 Ohio App. LEXIS11686."
 {¶ 16} In this case, the evidence, viewed in a light most favorable to the prosecution, showed that Williams caused spurious checks to be issued with a purpose to defraud. Moreover, evidence was presented that Williams used false information to obtain payroll checks for a nonexisting business that he intended to use to benefit himself. Upon the record before us, we find that any rational trier of fact could have found the essential elements of forgery proven beyond a reasonable doubt.[1]
 {¶ 17} Finally, Williams claims his due process rights were violated by amending the indictment to delete the name of ADP as the victim. Crim.R. 7(D) permits a court to amend an indictment "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." See, also, R.C. 2941.30.
 {¶ 18} It is well recognized that the name of the victim is not required in the indictment when the identity of the victim is not an essential element of the crime. State v. Johnson, Cuyahoga App. Nos. 81692 81693, 2003-Ohio-3241; State v. Martin, Franklin App. Nos. 02AP-33, 02AP-34, 2002-Ohio-4769; State v. Phillips (1991),75 Ohio App.3d 785, 792. The identity of the victim is not an essential element of forgery under R.C. 2913.31(A)(2). Therefore, we cannot say deleting the name of the victim from the forgery charges changed either the name or the identity of the crimes charged.
 {¶ 19} The assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., concur.
[1] When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.