[Cite as *State v. Smith*, 2014-Ohio-3480.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     26892 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DALTON G. SMITH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 12 12 3395 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

BELFANCE, Presiding Judge.

{¶1}     Appellant Dalton G. Smith appeals from his conviction for forgery in the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm.

I.

{¶2}     In November 2012, Mr. Smith and David Brooker were pastors at God's Magic City Church in Barberton.  The church premises consisted of a number of buildings including a residential building that had been a former convent.  It appears from the record that Mr. Smith, who was in his eighties, had control over the church premises, including the convent, and determined who would stay on the premises.  Mr. Brooker and Michael Stevenson resided in the former convent on the premises.

{¶3}     In November 2012, while having breakfast in the convent kitchen, Mr. Brooker found a preprinted form document which purported to be an application and order of judgment in

the "Summit County" "Municipal Court of Common Pleas." Mr. Brooker was listed as the defendant, and Judge Allison McCarty's name was printed on the signature line of the document.

{¶4} An investigation ensued, and Mr. Smith was indicted for forgery, a felony of the fifth degree, under R.C. 2913.31(A)(1), (2), and (3). After a bench trial, Mr. Smith was found guilty of forgery under R.C. 2913.31(A)(1) and (3) and received a sentence of 12 months of community control.

{¶5} Mr. Smith has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION OF FORGERY.

{¶6} In Mr. Smith's first assignment of error, he argues that there was insufficient evidence to support his conviction for forgery.

{¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶8} Three witnesses testified for the State: Mr. Stevenson, Mr. Brooker, and Detective Matthew Hudak of the Barberton Police Department. In November 2012, both Mr. Stevenson and Mr. Brooker were residing at the convent. Mr. Brooker served as an acting pastor

of the church and stayed in the convent in partial payment for his services. Mr. Smith did not live at the convent, but had an office there and was there several times a week.

{¶9} Within months after hire, Mr. Smith wanted Mr. Brooker to leave the church, as he was not happy with Mr. Brooker's erratic behavior. According to Mr. Smith, Mr. Brooker was abusing pain medication and this caused him to act in a "crazy" manner. Mr. Smith offered Mr. Brooker money to move out of the convent; however, Mr. Brooker did not leave. Approximately five days before Mr. Brooker found the document at issue, Mr. Smith brought two Barberton police officers to Mr. Brooker's room in the convent to attempt to force him to leave. When Mr. Brooker said that he was a resident of the convent, the police told Mr. Smith that he would have to get a writ of eviction. Mr. Smith did not file eviction proceedings against Mr. Brooker at that time.

{¶10} On November 28, 2012, Mr. Stevenson and Mr. Brooker were getting ready to eat breakfast at the convent kitchen table when Mr. Stevenson noticed a piece of paper under his placemat. He slid the paper out from under the placemat, saw Mr. Brooker's name on it, and handed it to Mr. Brooker. There were no other pieces of paper on the kitchen table. According to Mr. Stevenson, the paper had not been there the evening before when the two ate dinner at the same table around 6:30 p.m.

{¶11} The document purported to be an application and order of judgment in the "Summit County" "Municipal Court of Common Pleas." The church and Mr. Smith were listed as plaintiffs, and Mr. Brooker was listed as defendant. The order of judgment stated that the church could recover against Mr. Brooker in the sum of $75.00 per week, with interest at ten percent, starting from November 26, 2012. The name "Judge Allison McCarty" was printed in block capitals on the judge's signature line.

{¶12} Mr. Brooker looked at the document and did not see a seal or a time and date stamp, so he questioned the authenticity of the document. Also, he knew that the Summit County Municipal Court of Common Pleas did not exist. Notwithstanding, Mr. Brooker then called the clerk of courts, Judge McCarty's office, and the municipal court to determine whether the document was authentic. Both the clerk of courts and Judge McCarty's office told him that the document was not authentic, but recommended that he also check with the township he lived in. The Barberton clerk of courts told him that the document was real, but it had not been handled by their office. Mr. Brooker also took the document to the mayor's office and finally gave it to the Barberton Police Department. Several of the offices made copies of the document.

{¶13} On December 3, 2012, the chief of police gave Detective Hudak a copy of the document and a letter from the mayor's secretary explaining how she got that copy. That same day, Detective Hudak took the copy to God's Magic City Church and interviewed Mr. Brooker and Mr. Smith separately. Detective Hudak recorded his interview with Mr. Smith.

{¶14} Detective Hudak showed the document copy to Mr. Smith, who acknowledged having filled it out, including the judge's name and phone number. Detective Hudak suggested to Mr. Smith that placing a judge's name on the document was illegal. Mr. Smith indicated that he felt he was permitted to fill out a document such as this one and as a prior hotel owner, he had blank copies of the form that he had used in the past. He was adamant that he had no intentions of filing the document and reiterated that he had never shown or delivered the document to anyone. Instead, he just wanted to show it to Mr. Brooker to convince him that Mr. Smith was serious about Mr. Brooker leaving.

{¶15} Mr. Smith also explained to Detective Hudak that he had filled out the document in the kitchen because his office desk was too cluttered to work on and that after he filled it out,

he must have left it there by mistake. During the interview, Mr. Smith took Detective Hudak to show him his desk. Detective Hudak observed that there were two desks in the office one of which Mr. Smith identified as the secretary's desk. The Detective suggested to Mr. Smith that the files on Mr. Smith's desk could have been moved to make space on the cluttered desk to fill out the document. Mr. Smith also played several saved phone messages to demonstrate the difficulty he was having with Mr. Brooker.

{¶16} Several weeks after the investigation, Mr. Brooker and Mr. Smith wrote a letter together in Mr. Smith's office. The letter, which was signed by Mr. Brooker, was introduced into evidence as Defendant's Exhibit C. It stated that Mr. Brooker told Detective Hudak that he did not want further action taken against Mr. Smith and that he did not believe that Mr. Smith would do anything to hurt him.

{¶17} Mr. Smith was convicted of forgery as provided in R.C. 2913.31(A)(1) and (3), which state:

> (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
>
> (1) Forge any writing of another without the other person's authority;
>
> * * *
>
> (3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.

"'Forge' means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct." R.C. 2913.01(G). "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

R.C. 2901.22(A). "'Defraud' means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B). "'Utter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display." R.C. 2913.01(H).

{¶18} Mr. Smith has focused his sufficiency challenge upon the "purpose to defraud" language contained in R.C. 2913.31(A), and we limit our review accordingly. He argues that there was insufficient evidence that he had a purpose to defraud Mr. Brooker because there was no evidence that Mr. Smith attempted to use the document to either the detriment of Mr. Brooker or to gain any advantage over Mr. Brooker.[1]

{¶19} As noted above, the forgery statute requires that the enumerated conduct be committed with a "purpose to defraud" another person. R.C. 2913.31(A). A person acts purposefully when it is his intention to cause a certain result. R.C. 2901.22(A). Accordingly, "purpose to defraud" involves the intention to gain a benefit for oneself or someone else or to cause a detriment to the other via deception. *See* R.C. 2913.01(B). An actor's purpose or intent may be established by direct or circumstantial evidence. *See State v. Tiger,* 148 Ohio App.3d 61, 2002-Ohio-320, ¶ 13 (9th Dist.) ("Purpose or intent can be established by circumstantial evidence from the surrounding facts and circumstances in the case."). Mr. Smith argues that there was no evidence that he used the document to the detriment of Mr. Brooker or to gain an advantage given that he did not deliver the document to Mr. Brooker and merely had an intent to show it to him in the future. With respect to uttering the document, the State presented evidence that Mr. Smith admitted that he authored the document. The State also presented evidence that

---

[1] Mr. Smith also argues that the State's evidence demonstrates that his true intent was to scare Mr. Brooker. However, that argument is essentially a challenge to the weight of the evidence rather than its sufficiency.

the document was found on the kitchen table, which was part of the living quarters where Mr. Brooker resided, and could be discovered by him. Hence, there was evidence from which a trier of fact could reasonably conclude that Mr. Smith created the document and left it on the table so that Mr. Brooker would find it. Such would constitute Mr. Smith making use of the document.

{¶20} However, even if he used the document, Mr. Smith argues that there was no evidence that he used the document with purpose to defraud, i.e., either to gain a benefit or to Mr. Brooker's detriment. He contends that he did not actually benefit from writing the document and Mr. Brooker did not suffer a detriment, especially a financial loss, once he found the document. However, in describing the actor's intent, the phrase "purpose to defraud" does not require that the actor actually consummate the fraud. In other words, the State was required to show that Mr. Smith had a purpose or intention to defraud, i.e., gain a benefit or cause Mr. Brooker to suffer a detriment. Although it is true that Mr. Brooker did not suffer financial harm or move out of the premises as a consequence of reading the document, the State did not have to prove that Mr. Brooker actually suffered a detriment in order to prove that Mr. Smith had a purpose to defraud. *Tiger* at ¶ 14 (finding no requirement in the statute that one must actually gain a benefit or cause a detriment in order to have purpose to defraud).

{¶21} Upon reviewing the evidence presented in the light most favorable to the State, we conclude that there was sufficient evidence from which a reasonable trier of fact could find that Mr. Smith's purpose was to defraud, i.e., to gain a benefit for himself and/or cause a detriment to Mr. Brooker. There was evidence that Mr. Smith was intent on getting Mr. Brooker to leave and that his other attempts to achieve that result were unsuccessful. Accordingly, a reasonable trier of fact, viewing all the circumstances in a light most favorable to the State, could conclude that Mr. Smith's purpose in creating the document and leaving it for Mr. Brooker to

find was to defraud Mr. Brooker, i.e., it was Mr. Smith's purpose to deceive Mr. Brooker into believing that there was a judgment against him which Mr. Smith hoped would cause Mr. Brooker to vacate the premises. Given Mr. Smith's limited argument on appeal, we conclude there was sufficient evidence presented, if believed, whereby a reasonable trier of fact could conclude that Mr. Smith committed forgery as provided by the statute.

{¶22} Mr. Smith's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION OF FORGERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶23} In Mr. Smith's second assignment of error, he argues that the court's finding that he was guilty of forgery was against the manifest weight of the evidence. We disagree.

{¶24} In reviewing a challenge to the weight of the evidence, the appellate court

> [m]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten,* 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶25} We note at the outset that Mr. Smith mainly argues the lack of evidence of a benefit to himself or detriment to Mr. Brooker in his brief's manifest weight argument. These issues have been discussed above, and as noted above, the State was only required to show that Mr. Smith had the purpose to defraud, not that he actually succeeded in doing so. *See* App.R. 16(A)(7); R.C. 2913.31(A). Additionally, it appears that Mr. Smith contends that the weight of the evidence supports the conclusion that his purpose was to scare Mr. Brooker, not to defraud him. We note that such a determination would turn in part on how the trier of fact viewed Mr. Smith's statements to the police. While the trial court was certainly free to believe that Mr.

Smith did not intend to leave the document for Mr. Brooker to find and instead planned to only show it to him and explain to him that Mr. Smith could possibly get a judgment in the future, the trial court also could have believed that Mr. Smith in fact left the document wanting Mr. Brooker to find it and act upon it. The trier of fact was charged with evaluating the credibility of the witnesses as they testified and resolving conflicts in the testimony. Given the evidence in this case, we cannot say that the factfinder's credibility determinations were unreasonable. *See State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28. Accordingly, after a thorough review of the record, we cannot conclude that the trier of fact lost its way and committed a manifest miscarriage of justice when it found Mr. Smith guilty of forgery.

{¶26} Mr. Smith's second assignment of error is overruled.

III.

{¶27} For the reasons set forth above, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.