[Cite as *State v. Hilbert*, 2013-Ohio-4728.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                 :

    Plaintiff-Appellee            :          C.A. CASE NO.    2013 CA 2

v.                                 :          T.C. NO.    10CR154

CHARLES HILBERT          :        (Criminal appeal from
                                      Common Pleas Court)

    Defendant-Appellant       :

                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    25th    day of     October    , 2013.

. . . . . . . . . .

EMILY E. SLUK, Atty. Reg. No. 0082621, Assistant Prosecuting Attorney, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 E. Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**   Charles D. Hilbert was found guilty upon his no contest pleas to eleven counts of rape (R.C. 2907.02(A)(2)), two counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(1)), six counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(2)), three counts of pandering sexually-oriented matter involving a minor (R.C. 2907.322(A)(1)), and one count

of sexual battery (R.C. 2907.03(A)(5)).   In exchange for the pleas, the State dismissed six additional charges against him.   The trial court merged several charges, sentenced him to an aggregate term of 61 years in prison, and ordered him to pay court costs of $813.   Hilbert was designated a Tier III sex offender.

{¶ 2}     Hilbert appeals from his conviction, raising two assignments of error.   For the following reasons, the trial court's judgment will be affirmed.

## I.  Excessive Sentence

{¶ 3}     In his first assignment of error, Hilbert claims that the trial court "committed reversible error and otherwise abused its discretion on all sentences imposed in both cases in violation of defendant's U.S. and Ohio constitutional right to be free from cruel and unusual punishment."[1]   Hilbert argues that his sentence was excessive and an abuse of discretion. He emphasizes that he was a first-time offender and likely had mental health issues.

{¶ 4}     Hilbert was found guilty of numerous counts of rape, a first-degree felony; illegal use of a minor in nudity-oriented material or performance, a second-degree felony; pandering sexually-oriented matter involving a minor, a second-degree felony, and sexual battery, a third-degree felony.   At sentencing, the trial court imposed five years for each count of rape, to be served consecutively for a total of 55 years.   The trial court merged Count 13 into Count 12, leaving one violation of R.C. 2907.323(A)(1).   The court also merged Count 19 into Count 18, Count 21 into Count 20, and Count 23 into Count 22, leaving three violations of R.C. 2907.323(A)(2), and Count 27 into Count 26, leaving two

---

[1] This court has only one case before it, Miami C.P. No. 2010 CR 154, which involves a 29-count indictment.   We do not understand Hilbert's reference to "both cases."

violations of R.C. 2907.322(A)(1). The court sentenced Hilbert to three years for Counts 12, 19, 20, 22, 25, and 26 (illegal use of a minor and pandering), to be served concurrently with each other, but consecutively to the rape convictions. The court imposed three years for the count of sexual battery, to be served consecutively to the other convictions. Hilbert's total sentence was 61 years in prison.

{¶ 5} "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." (Citations omitted.) *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964), quoted by *State v. Coffman*, 2d Dist. Champaign No. 2010-CA-20, 2010-Ohio-4284, ¶ 9. Hilbert's sentences were within the statutory ranges for his offenses.

{¶ 6} Hilbert was sentenced on September 27, 2010, a year before the effective date of H.B. 86, which revised Ohio's sentencing statutes. At that time, the trial court was not required to make any findings or give its reasons before imposing a maximum, consecutive, or non-minimum sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Nevertheless, the trial court was required to comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶ 7} The trial court does not have to make any specific findings to demonstrate its consideration of those statutes. *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288, ¶ 47; *Foster* at ¶ 42. "Where the record is silent, a presumption exits that

the trial court has considered the factors. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. Consequently, the appellant has an affirmative duty to show otherwise." (Citations omitted.) *Ramey* at ¶ 47.

{¶ 8} At sentencing, the trial court heard statements from Hilbert's counsel, Hilbert, the prosecutor, and S.D., the victim of most of the offenses. Hilbert's counsel emphasized that the present charges were Hilbert's "first offense of any kind" and that he had entered a plea in large part due to his decision not to cause more harm to the victims. Hilbert expressed remorse and apologized to his family, S.D., and S.D.'s mother. He indicated that he had come to realize that his behavior was related to events that had happened to him in the past and that he "never realized how much help I should have gotten back then and didn't."

{¶ 9} The prosecutor acknowledged that Hilbert had no prior record, but he argued that Hilbert's behavior demonstrated that he posed a danger to the community and to children, in particular. S.D. told the court that she did not "want to see [Hilbert] get out of jail or prison because I'm afraid that he would do something to hurt somebody else." A presentence investigation report had also been prepared, which described in detail the police officers' investigation of the offenses, including their interviews with Hilbert, Hilbert's wife, the individuals who reported Hilbert to the police, and the minor victims.

{¶ 10} Prior to imposing its sentence, the trial court told Hilbert that it had reviewed the presentence investigation report and considered his statement, the statements of his attorney, the prosecutor, and S.D., as well as "the purposes and principles of the sentencing

statutes, all the factors of record, * * * specifically the narrative of the police investigation report, statements that you made to the police officers, the victim impact statements that I have received and the emotional trauma that you inflicted upon this young lady for years, from age 13 through almost 18." The court further stated: "* * * To me words can't describe how terrible your behavior has been. It's beyond illegal. To me it's beyond immoral. It's just despicable. I can't believe that for all the times that, you know, this went on on a constant basis through parts of her life when she was trying to grow up."

{¶ 11} The court found that several charges had mandatory prison terms, that Hilbert was not amenable to community control for the charges without mandatory prison terms, and that "a prison sentence is consistent with the purposes and principles of the sentencing statutes." The court stated: "I have reached this after weighing your recidivism factors and the seriousness factors, specifically the age of the victim and your relationship to her and the length of time that it went on and everything that she went through." The court then imposed the aggregate 61-year prison term. The trial court specifically stated that the rape charges should run consecutively due to "the nature of these offenses, length of time and how they consistently happened and the impact it had on the child."

{¶ 12} Upon review of the record, we find that the trial court properly considered and applied the relevant sentencing statutes in imposing its sentence. Given the nature of the offenses, the statements to the court at sentencing, and the presentence investigation report, the trial court did not abuse its discretion in imposing an aggregate 61-year prison term.

{¶ 13} Hilbert further states that the trial court "imposed a Tier III sex offender

status without a proper hearing."   At the beginning of the sentencing hearing, the trial court notified Hilbert that Counts 1 through 11 (rape) and Count 28 (sexual battery) were defined by statute as Tier III offenses and that if he were released from prison any time in the future, he would have to register in person with the sheriff every 90 days for life.   Due to Hilbert's offenses, the trial court was required by R.C. Chapter 2950 to designate him a Tier III sex offender at sentencing and to notify him of the accompanying requirement to register every 90 days for life.

{¶ 14}   Hilbert's first assignment of error is overruled.

## II.   Ineffective Assistance of Counsel

{¶ 15}   In his second assignment of error, Hilbert claims that his trial counsel rendered ineffective assistance "because counsel failed to make a record regarding counts one through eleven as to allied offenses of similar import."

{¶ 16}   We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.   *Strickland* at 688.   To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different.   *Id.*

{¶ 17}   Pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942

N.E.2d 1061, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at ¶ 44.

> * * * [T]he question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted.) *Johnson* at ¶ 48-51.

**{¶ 18}** In Hilbert's case, each of the eleven counts of rape concerned a different time period: (1) 2006 through August 2009; (2) August 2009; (3) September 2009; (4) October 2009; (5) November 2009; (6) December 2009; (7) January 2010; (8) February

2010; (9) March 2010; (10) April 2010; and (11) May 27, 2010. Because each count concerned separate and distinct acts, Hilbert's trial counsel had no reasonable basis to argue that the counts should have been merged into a single conviction for rape.

{¶ 19} In his reply brief, Hilbert raises that his counsel should have moved to dismiss because the indictment failed to identify the victim of the offenses. Hilbert did not include this argument or assign it as error in his appellant's brief. Nevertheless, even assuming that it has been properly raised, we would find that it lacks merit. "[T]he name of the victim is not required in the indictment when the identity of the victim is not an essential element of the crime." *E.g., State v. Williams*, 8th Dist. Cuyahoga No. 84894, 2005-Ohio-1866, ¶ 18. Hilbert's indictment tracked the statutory language, and the identity of the victim was not an essential element of the charged offenses. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 27. Further, there is no indication, or even allegation, that Hilbert did not know the identities of the victims and that the indictment's failure to include the names of the victims hindered his defense of the charges. Accordingly, trial counsel did not act unreasonably in failing to challenge Hilbert's indictment on this basis.

{¶ 20} Hilbert's second assignment of error is overruled.

### III. Conclusion

{¶ 21} The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Emily E. Sluk
Daniel F. Getty
Hon. Robert J. Lindeman