[Cite as *State v. Wilson*, 2017-Ohio-8498.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27481 |
| | : | |
| v. | : | Trial Court Case No. 1996-CR-1019 |
| | : | |
| LAWRENCE E. WILSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of November, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LAWRENCE E. WILSON, Inmate No. A349-229, Franklin Medical Center, P.O. Box 23658, Columbus, Ohio 43223
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Lawrence Wilson appeals from a decision of the Montgomery County Court of Common Pleas denying his motion to vacate judgment and request for Grand Jury testimony.   For the following reasons, we affirm.

### I. Facts and Procedural History

**{¶ 2}** In 1997, Wilson was convicted of rape of a person under thirteen years of age.   Following Wilson's direct appeal, we affirmed the conviction and sentence.   *State v. Wilson*, 2d Dist. Montgomery Nos. 16728, 16752, 1998 WL 639100, * 1 (Aug. 7, 1998). Since then, Wilson has repeatedly sought review of his conviction and sentence with this court, the Fourth District Court of Appeals, the Ohio Supreme Court, and the federal courts to review his conviction.[1]   He has used various procedural mechanisms including a request for reconsideration, numerous petitions for post-conviction relief, and petitions for extraordinary writs of mandamus, procedendo and habeas corpus.   *See State v. Wilson*, 2d Dist. Montgomery No. 17515, 1999 WL 173551 (Mar. 31, 1999); *State ex rel. Wilson v. Sunderland*, 87 Ohio St.3d 548, 2000-Ohio-479, 721 N.E.2d 1055 (2000); *State v. Wilson*, 2d Dist. Montgomery No. 21738, 2007-Ohio-4885, *appeal not accepted for review*, 117 Ohio St.3d 1405, 2008-Ohio-565, 881 N.E.2d 274 (Table); *State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035; *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-599.   None of these actions have been successful.

**{¶ 3}** Wilson, turning to the instant appeal, filed a motion on December 16, 2016,

---

[1] Wilson has served part of his prison sentence in the Pickaway Correctional Institution which is within the jurisdiction of the Fourth District.

to vacate his judgment and sentence in which he argues that his sentence is void because (1) he was improperly and excessively sentenced; (2) the trial court improperly entered a nunc pro tunc order amending the original termination entry and adding an additional two years to his sentence; (3) the trial court violated Crim.R. 43(A) by resentencing him via the nunc pro tunc entry without having him present; (4) the guilty verdict did not state the degree of the offense; (5) the indictment was defective; (6) the trial court did not give an instruction on a lesser included offense; (7) the victim recanted; (8) his waiver of counsel was invalid and trial counsel was ineffective; and (9) he was not permitted to allocute at sentencing.

{¶ 4} Additionally, on December 23, 2016, Wilson filed a request for Grand Jury transcripts. He argued that the indictment was defective because it did not name or identify the offense for which the Grand Jury indicted him. He further contends that the victim later recanted her testimony at trial, and thus, he is entitled to view her testimony before the Grand Jury.

{¶ 5} The trial court, citing the doctrine of res judicata, overruled the motion to vacate and denied the request for transcripts by entry filed January 25, 2017. Wilson filed a timely appeal.

## II. Claims Barred by Res Judicata

{¶ 6} Wilson's first, second, third and fourth assignments of error state as follows:

DID THE TRIAL COURT ERR IN DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE THE VOID JUDGMENT AND SENTENCE?

DID THE TRIAL COURT ERR BY FAILING TO HOLD A HEARING PURSUANT TO CRIM.R. 43(A) WHEN IT CORRECTED THE JUDGMENT ENTRY'S [SIC] WITHOUT DEFENDANT-APPELLANT BEING PRESENT?

DID THE TRIAL COURT ERR WHEN THE WAIVER OF COUNSEL WAS NOT MADE IN WRITING AND FILED WITH THE COURT?

DOES THE SAME PARTICULARIZED NEED ANALYSIS APPLY TO BOTH TRIAL AND POST-CONVICTION PROCEEDINGS?

**{¶ 7}** In these assignments of error, Wilson raises arguments concerning his claim that the trial court improperly (1) amended the termination entry, (2) violated Crim.R. 43(A) by amending the termination entry outside his presence, (3) denied him the right of allocution, (4) violated his right to counsel, and (5) erred with regard to his waiver of counsel and/or improperly denied him his right to counsel. He further claims that the trial court erred by denying his request for Grand Jury transcripts. Wilson argues that the transcripts are necessary to help him prove that the indictment was deficient. Specifically, he claims that the indictment did not specify the name of the offense, the specific facts concerning the offense, nor the degree of the offense. He also claims that he needs the transcripts because the victim, who he claims later recanted her testimony at trial, also lied to the Grand Jury.

**{¶ 8}** In *State v. DeVaughns*, 2017-Ohio-475, __N.E.3d__ (2d Dist.), this court discussed petitions for post-conviction relief:

Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial

or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410, 639 N.E.2d 67.

\* \* \*

Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. R.C. 2953.23(A)(1)(b).

*Id.* at ¶ 24-26.

**{¶ 9}** Further, "[u]nder the doctrine of res judicata, '[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and

determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph three of the syllabus. 'The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels.' *Nolan v. Nolan* (1984), 11 Ohio St .3d 1." *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-5990, ¶11, quoting *State v. Ulery*, 2d Dist. Clark No. 2010 CA 89, 2011–Ohio–4549, ¶ 12.

**{¶ 10}** In this case, all of the arguments raised by Wilson have been previously raised and rejected. In fact, some of the arguments have been raised multiple times. Since we have thoroughly reviewed and resolved these issues in our previous decisions, these assignments of error are overruled based upon the law of the case doctrine and res judicata. It is further concluded, given this resolution, that the trial court also appropriately overruled Wilson's request for Grand Jury testimony.

### III. Excessive Sentence Claim is Without Merit and Barred by Res Judicata

**{¶ 11}** The fifth assignment of error asserted by Wilson states:

IS THE SENTENCE IMPOSED UPON THE DEFENDANT-APPELLANT BY THE TRIAL COURT EXCESSIVE?

**{¶ 12}** Wilson contends that his sentence must be vacated because it is excessive and disproportionate, and constitutes cruel and unusual punishment.

**{¶ 13}** Wilson's argument is, at best, convoluted, but he seems to assert that his sentence is excessive and disproportionate based upon his belief that he was merely

"convicted of a single count of an allegation of engaging in cunnilingus with [a ten year old]," yet received a sentence of nine to twenty-five years in prison. Wilson, from this, seems to believe that the rape charge should have been amended to a lesser charge of sexual battery or gross sexual imposition. Wilson has included nine pages of case notes in the appendix to his appellate brief. Wilson asserts that these cases demonstrate that his sentence is excessive and disproportionate to others who engaged in the same conduct but were convicted of a lesser offense. He claims, from this, that his sentence is cruel and unusual in violation of the Eighth Amendment to the United States' Constitution.

{¶ 14} We find this argument unavailing. Wilson was convicted of rape because the jury believed the testimony provided by the victim that Wilson had inserted his tongue into her vagina.[2] Given that there was credible evidence that Wilson did penetrate the victim's vagina, there was no requirement that the charge be amended to a lesser included offense. The cases supplied by Wilson indicate that his sentence is entirely in line with the sentences meted out to other offenders convicted of rape. Ohio courts have recognized that sentences falling within the range permitted by statute, as is the case with Wilson's sentence, do not constitute cruel and unusual punishment. *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964); *State v. Hilbert*, 2d Dist. Miami No. 2013 CA 2, 2013-Ohio-4728, ¶ 5.

{¶ 15} Finally, this argument could have been, but was not, raised on direct appeal. Thus, it is barred by the doctrine of res judicata. Accordingly, the fifth assignment of

---

[2] Wilson thinks that the jury erred because his testimony that he merely used his tongue to taste a substance he observed between her vagina and anus proves that there was no penetration.

error is overruled.

## IV. Conclusion

{¶ 16} All of Wilson's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Lawrence E. Wilson
Hon. Richard Skelton